Good morning may it please the court my name is Dan Poulsen I'm the assistant federal defender representing the appellant Sean Wright. This is a habeas case and the question is whether or not Mr. Wright can establish that he is in custody pursuant to the judgment of the state of Alaska which he seeks to collaterally attack. Mr. Wright was prosecuted and convicted in the state of Alaska for a sex offense and as a result of that conviction he is now classified as a sex offender. The judgment that he received explained that he had to register as a sex offender for life and that notice was signed by the judge. Pursuant to that judgment Mr. Wright was branded a sex offender and he was subsequently prosecuted in Tennessee in federal court in Tennessee for failing to register as a sex offender. There's no question that because Mr. Wright is presently on supervised release that he is subject to restraints on his freedom and liberty that are not shared by the public generally. He qualifies as in custody. The remaining question is whether or not Mr. Wright can show that his custodial status is attributed to the judgment of the state of Alaska. Well and can I can I ask even a more threshold question and maybe it's rolled up into the question you're about to answer but the the most analogous case perhaps from our court is Zickro versus Idaho. There it's interesting because he the underlying conviction was in Idaho and then he was incarcerated for violating the registration requirement in Idaho. Here you have a case where he's left Alaska and your argument is that because he's on supervised release that's equivalent to incarceration but that's in Tennessee so why wouldn't the habeas case that he has be properly brought in Tennessee and not in Alaska? And Zickro is I think the governing case and I don't think that the the circumstances of Zickro are as distinguishable as as the respondent makes it seem. Zickro did not dwell on the fact that the petitioner in that case happened to have been prosecuted for failing to register as a sex offender in the same state where the underlying predicate rape conviction was imposed. What this court held was and I'm quoting from Zickro 247 F 3rd at 1019 we now hold that a habeas petitioner is quote in custody for the purposes of challenging an earlier expired rape conviction when he is incarcerated for failing to comply with the state sex offender registration law because the earlier rape conviction is a quote necessary predicate to the failure to register charge. The court didn't draw this... Counsel that's true that's true but the general habeas statute says that the case must be brought in the jurisdiction where the petitioner is confined. Well actually I don't think it spells that out I think it just provides that the petitioner must be in custody pursuant to the judgment of a state court. I thought we had cases that said it has to be brought in the jurisdiction where the where he is in custody. And our position is that the custodial effects that Mr. Wright is experiencing in Tennessee are pursuant to the judgment of the state of Alaska. His status as a sex offender is what... The question is whether that's enough I understand the argument but I I am concerned about our case law that says you have to bring it we do this all the time we transfer habeas cases all the time to jurisdictions around the country because the general principle and I'm not aware of exceptions now maybe this is some sort of weird exception but that the court that has jurisdiction over the habeas petition is where that he's in custody and so the question is is he in custody in Tennessee the answer seems yes you're trying to say or potentially yes you're in custody in Tennessee but it's pursuant to an underlying Alaska requirement. It's again I think the respondent as the respondent argued in their brief that this is about a status offense that's what failure to register as a sex offender is and what I think is important here and what maybe the Third Circuit's decision in Piascecki highlights is that we have replaced this patchwork quilt of registration requirements. SORNA has the effect of making sure that every person who is a sex offender who is branded as a sex offender whether it's in Alaska, Missouri, Washington, wherever that they are subject to the same reporting requirements. Well hold on I thought they weren't subject to the same reporting requirements and that's part of the issue here because in some of the other cases that were under SORNA there wasn't there some of the requirements here that are in my view somewhat egregious and might support your position are that he can't buy a home within a thousand feet of a school. Now my understanding is this and maybe correct me if I've got this wrong but that not every state has adopted that same requirement but Tennessee has. Well there are criminal penalties that are attached but for you know for example you can't go into a public library if you're a sex offender in Tennessee. Is that true in every other state? Well what we're talking about I think what the court should be focusing on is the registration requirements themselves because it requires him to appear in person at particular times and that well and I gotta be honest I didn't find that particularly compelling and well I think we've got other courts that have rejected that argument. I would and I would call the court's attention to what this to and I think Barry is the other case and those are cases where this court found habeas jurisdiction to apply for things like having to appear at alcohol education classes right being required to be someplace at a certain time. Yeah but hold on back up the alcohol education class was like a 14-hour class he had to be there. I mean I don't think that have any the state imposes a whole license you got it you got to go in and register so I don't think the regi the in-person registration at least in my view that wasn't compelling to me the compelling part was you can't you can't go into a public library I mean true restriction as freedom you can't go into a public library you can't go can't live within a thousand feet of a house or excuse me of a school so my question is and I think you've answered it those two requirements in of themselves are specific to Tennessee they may be in other states as well but but Tennessee wasn't required to adopt those pursuant to the federal law and I would say that I think the what you've described is not consistent with the way that custody has been defined historically that custody is simply a restriction on your freedom of movement it's whether or not you can come and go as you please bear in mind that I mean and I realize this is sort of an eye of the beholder kind of a situation but if you were subject to some of these restrictions I think you would find it unduly burdensome to have to show up in person check I hate it whenever I move I got to go in and register exactly are and I've got it but but I mean how can we say that that's unduly burdensome I mean that's just a requirement that happens there's a whole bunch of there's a litany of things you have to do correct and the penalties for failing to comply with those restrictions is that you face criminal prosecution okay so it's found mr. can I ask let me ask a question I mean you were talking about the SORNA and registration requirements but there appears to be circuit split on that issue and I guess you're pointing us toward the Third Circuit but why why the Third Circuit over the four six and ten circuits that have called these requirements collateral I know you were discussing that right now with judge with judge Nelson but why are they sufficiently significant I mean I could just put it in this kind of posture between the two circuits why go with the Third Circuit instead of the others right and we talked about this in the in the opening brief but it's I think instructive that the Third Circuit drew from this circuits precedent in particular Dow I think it was Dow and Barry to find that the registration requirements imposed under SORNA were custodial so I think the Third Circuit was building on a foundation of this circuits precedent and really it's one of the first decisions to really analyze the post SORNA regime all those prior cases that that you're referencing or at courts prior precedents involved the Megan's law the pre SORNA registration requirement and you're talking about Williams then Henry and so let me understand your art so I so I get so you say that these these conditions are more custodial are more reminiscent of of supervised release or probation conditions then not that's what your argument is right and so they're more custodial nature as opposed to collateral consequences to his conviction so but I want to understand your argument so are you making two arguments here regarding Zinco Zinco Zizko yes I'm sorry Zizko and the predicate offense you know and then in the alternative SORNA yeah so can you just relay that out yeah I'll make it so this court does not need to I think that Zizko controls the outcome of this case I think that we're on all fours I don't think this court needs to necessarily engage with whether or not post SORNA registration requirements are custodial but certainly if the court wants if the analysis certainly I think the Third Circuit's analysis and Pia Secchi and and just the reality of what SORNA means it's it's burdens I think compel the conclusion that it is custodial and with that I think I've gone over the time but we will give you a minute for rebuttal Thank You counsel we'll hear from the Mr. Terrell yes we can hear you can't see you okay I'm trying to there we go join there you go okay thank you your honor I'm Tim Terrell I'm here on behalf of the state of Alaska Mr. Wright claims that he's in custody because of his federal supervised release status with this Tennessee US District Court conviction and because of the consequences of the federal sex offender registry and in Tennessee as well but in the state's view judge Singleton correctly distinguished Zizko in that sense because all of those things are consequences that are arise from the actions of a separate sovereign than the state of Alaska and as I pointed out my brief there's three cases from this circuit the Contreras versus Shelton Allen versus Oregon and Resendez versus Kavinsky where this court is has recognized the separate sovereigns rationale and mr. Terrell if I can I just I read Contreras and Al are breaded and it seems to me that those cases may be distinguishable because there we avoided this necessary predicate question by construing the petitioners 2254 petitions as a 2241 petition and deciding them on on the merits in fact Contreras explicitly left open the possibility that the petitioner in that case wasn't was in custody on a subsequent deportation charge for purposes of 2254 so I'm not why doesn't that render Contreras in a posit going back and I I'm not sure but I think Alan most clearly I mean the I think Alan is you know clearly most analogous to this situation and again recognize the separate sovereigns exception and also I would point out the two circuits outside this circuit the Diaz case from the 11th Circuit and the Brown versus Warden case from the 10th Circuit have also endorsed the separate sovereigns rationale and so I really think that that rationale is just enough to distinguish each go but well but you spent a lot of your time in your in your brief arguing that we should overrules its go I think you call it an outlier in its holding and that its reasoning is erroneous but I you only cite to unpublished an unpublished decision by the by the Third Circuit that was later overruled by a published opinion and a couple of out-of-circuit district court decisions all of which are not controlling so I'm not finding that persuasive but I wanted to give you an opportunity here to to address that well I'm not sure if the Third Circuit decision the unpublished decision was but in any in any event each co contains several errors each co said that with respect to when it was describing the United States Supreme Court decision and Lackawanna versus costs it's it just was talking about sequential convictions and it said that Lackawanna had held that the person was in custody with respect to the first conviction when in fact Lackawanna said that the person was in by the first conviction and Lackawanna also made clear that the habeas case couldn't be used as a vehicle to attack the first conviction and in two cases from this court subsequent to each co in the the Dubrin versus California case that I cite and also another case Nunez versus Palmer that this court is both twice undercut sort of both aspects that each co relies on and and so I'm really asking this court just to go all the way and and stop the sub solentio distinguishment of each co and just recognize that each co was was incorrect and needs to be well but you realize you realize we can't do that as a as a three-judge panel so I mean I think your better argument and this is what I'm exception is the same thing I was getting is why if he's in custody and there does seem to be whether you look at Zichco or or some of our other president there does seem to be some suggestion that he's in custody with these supervised release requirements but to me that is in Tennessee and so why would we jump into the fray there and and I mean is that is that a viable distinguishing factor from Zichco well yes I mean that that's the heart in essence of the separate sovereigns rationale but as far as pointing out what that you can as a panel undercut or distinguish and overrules each co I mean normally I you know I say a case law in my brief normally it's the case that one panel cannot override another panel decision but there is case law from this panel's decision has been fatally undercut by Supreme Court precedent and I think lack of president intervening Supreme Court precedent yes and I think the US Supreme Court's subsequent decision in if I may find it here Johnson versus United States in 125 Supreme Court 1571 clearly explained and decisions and I I think what year was that I did not what year was it decided 2005 no I'm talking about Johnson versus United States it's 125 Supreme Court 1571 but but I think both again this this circuits Dubron versus Palmer or Dubron versus California and the Nunez versus Palmer case both are our cases that where this court is in essence were rejected both those public decisions yes they are Nunez versus Palmer is in 485 f3rd I'm sorry I don't have the pinpoint site but it's in volume 485 of the f3rds and what was the other one Dubron versus California and I cite that in my brief it's let me let me give you a chance to argue before your time is up why why this key these conditions here are different from probation or supervised release because let's say Zinco you say it doesn't control let's assume that it does why aren't these conditions like the alcohol-dependent seeing rehabilitation supervised release information why aren't they like those kind of conditions well your honor I mean I've staked the the state's position on the argument that it's it's irrelevant what the what the federal registry conditions are and what the conditions are because again based on the separate sovereigns rationale so to me the only thing that's relevant to look at is the state of Alaska conditions and let me word this differently let me just assume then that the state sovereigns rationale does not apply here then what's your best argument as to why these are not onerous conditions sufficient to establish custody or custodial sort of conditions well again you know I'm sort of going on a categorical argument but I would say that about the main thing I could say is that Pia Secchi is an outlier and that the other circuits have not endorsed its rationale and I would encourage the court to let me ask you a question does Alaska have the same if he had stayed in Alaska and violated the registry would he be subject to the same restrictions that he's now subject to in Tennessee no Alaska registry conditions are relatively minimalistic there's no requirement that you get advanced permission to do anything you you you have to give notice after the fact like if you move or change your car registration or things like that you have to give well the store no requirements would be the same they would be but again you know again I'm my argument is that there are the consequences of a separate sovereign is that can I ask for clarification so the SORNA requirements are the same in every state but then states can add to it is that how it works right now I believe so yes okay so are you familiar with our case in Dow where we found that forcing someone to attend 14 hours of alcohol dependency rehabilitation was sufficient to render him in custody I'm just trying to figure out if that's rendering someone in custody how is sworn as lifetime requirements which are more seem to be a more significant restraint on someone's Liberty how are they not again you know Pia Secchia set out the rationale for why they are but it again all I really can do at this juncture is is argue that it's an outlier and that this court should follow the precedents from other circuits that don't find that to be sufficiently onerous to constitute custody council I know you have your time but I wanted to ask you about the language in Johnson versus United States that you're relying upon to support your argument that Zichco has been called in question what's the precise language in Johnson that you're relying upon I think I'm mostly just relying on the discussion at pages 1577 and 1578 of the opinion where they were they discuss their earlier decisions in Custis and they discuss Daniels versus United States and I think I'm just relying on their overall endorsement of in description of the of the prior law well that's just talking about the ability to collaterally challenge a state conviction yeah and I in the press at the moment I may be missing other language from the opinion but but I think again that that Lackawanna and in cause are controlling and and and that this court in Dubron and Nunes is essentially recognized that and again so I think this court should just go all the way now and and and recognize that as each goes rationale has been undercut and and and so hold thank you well tell me the language in Dubron that you're saying undercut our ruling in Dubron it page and 97 of the opinion at 720 f-3rd at 1097 is describing the Lackawanna case and it it correctly describes Lackawanna is saying is that the custody is with respect to the second of two convictions in this sequential and a conviction what's the exact language now it's the on page 1097 it's where it says but he is in custody under the 2008 sentence the constitutionality of which the district court may review they cite Lackawanna and that that says that remains true even though Durbin erroneously this conviction that doesn't describe the situation that's in Zichco where there's been a subsequent imprisonment based on the prior conviction it undercuts one aspect of Zichco which is Zichco incorrectly described Lackawanna is saying that the person was in custody with respect to the first of two convictions in a conviction sequence all right thank you counsel are there any other questions from the panel all right rebuttal so we covered this in a reply brief but all the cases that the respondent is relying on as supposedly undercutting the holding of Zichco I think are distinguishable in the sense that the case is cited by respondent involved challenges to a prior conviction that was used to enhance a sentence or in the case of the INS case it was a prior conviction which was resulting in deportation proceedings but critically invalidating the prior conviction wouldn't have resulted in the deportation proceedings being halted what we have here is a prior conviction which is the necessary predicate for the subsequent prosecution in Tennessee we're talking about the fact that if his state conviction in Alaska is invalidated mr. Wright will have established his factual innocence on the charge for which he is presently on supervised release that means that the prior conviction is not as attenuated as it is in the case decided by respondent and I think that's the critical distinction between Zichco and and Lackawanna and those other cases that respond that sites so I'll leave it at that I think our reply brief covered that issue and if the court wants supplemental briefing with respect to the Johnson case and the Duber case we're happy to submit that all right please don't send us anything unless we ask understood thank you to both counsel the case just argued is submitted for decision by the court
judges: Rawlinson, Murguia, Nelson